Dear Mr Millet:
This office is in receipt of your request for an opinion of the Attorney General in regard to the coroner's duties when a sheriff's department is called upon to investigate a rape. You ask the following questions:
 1. Is the Parish Coroner legally required to perform a medical examination of the rape victim;
 2. If the Coroner is required to perform the medical examination on the victim, can he legally charge the parish government for his services;
 3. If the Coroner is not required to render this service and he does perform the medical examination, who is responsible for paying for his services;
 4. If the Coroner is not required to do a medical examination and said examination is performed by another medical doctor, who is responsible for paying for this doctor's services;
 5. If the Parish Coroner is given an operating budget for his office, can he charge additional expenses such as an examination of a rape victim; and
 6. Can the Parish Coroner refuse to conduct an investigation when requested to do so by the Parish Sheriff's Department or the District Attorney.
R.S. 33:1563(F) provides, "The coroner or his designeeshall examine all alleged victims ofrape, carnal knowledge, sexual battery, incest, and crime against nature when such cases are under police investigation." Additionally, R.S. 40;2109.1, which covers the procedure for treating a rape victim who has gone to a hospital, provides in paragraph "C", when the hospital fails to examine and treat the rape victim, the coroner "shall" examine the alleged victim and make arrangements for any necessary treatment.
Additionally, the coroner is authorized generally to conduct a criminal investigation "concerning the medical aspects of any case that may involve medical evidence and in which there is a reasonable probability that a criminal statute has been violated and shall do so when ordered by the court," C.Cr.P. Art 101.
Therefore, we must conclude the parish coroner is required to perform a medical examination of the rape victim when there is a police investigation, and may investigate even prior to police notification when he is aware that there is the probability of a rape.
R.S. 33:1556 provides that the parish shall pay the fees for all mental or physical examinations or investigations, and this shall be in addition to any necessary expenses that may be incurred. Additionally, it is provided the coroner shall receive a reasonable fee agreed upon by the coroner and the governing authority for any physical or mental exam or investigation when required by the district attorney, judge, sheriff, chief of police or responsible citizen in an emergency. However, under R.S. 33:1556A(5), the fee charges are only when the coroner is on a fee basis.
Thus, he can charge the parish government for the mandated service of examination of all alleged victims of rape, carnal knowledge, sexual battery, incest and crime against nature when such cases are under police investigation, when a hospital fails to examine a victim, and when it is probable there has been a rape. If a city hospital is involved, the municipality must pay the fee for the examination. In Atty. Gen. Op. No. 89-78, as attached, there is a discussion of the costs connected with a rape investigation.
You ask if the coroner is not required to do a medical examination of a rape victim, and said examination is performed by another medical doctor, who is responsible for paying for this doctor's services.
We have concluded the coroner is required to do a medical examination, but we find it pertinent to point out the observations in Atty. Gen. Op. No. 89-78 that suggests the coroner should designate every licensed hospital in the jurisdiction and members of its medical staff as his "designee" for the performance of medical examinations under R.S. 33:1563F as quoted above which render's the coroner's bill to the police jury routine rather than extraordinary.
R.S. 33:1556 requires the payment of the fees for all physical examinations or investigations in addition to any necessary expenses that may be incurred and this is separate from the operating budget. Atty. Gen. Op. No. 88-89 points out the investigative expense and medical expense are distinct with the medical expense being that of the victim. It was concluded the investigative expense includes 1) fee for emergency room visit, 2) rape kit, 3) laboratory fee for testing specimens, 4) physician's fee and 5) any other reasonable diagnostic procedure required for the formation of an expert medical opinion, and the bills of the medical examination should be tendered to the governing authority.
The operational fund is that funding necessary to sustain the functions of the office. In Atty. Gen. Op. No. 90-247 the following were found to be mandated expenses: 1) office space, 2) telephone, 3) secretarial service, 4) office furniture and equipment, 5) professional dues and fees for educational seminars, 6) books, 7) car or mileage reimbursement. The right to minimal operational funding is constitutionally required to sustain the intended function of the office.
In answer to your question if the coroner can refuse to conduct an investigation when requested by the sheriff or the district attorney, we must conclude the coroner cannot refuse to conduct an investigation for causes of death when from violence, accident or suspicious circumstances or to the extent of examination of the victim of rape when requested by the sheriff or the district attorney based upon the statutory mandate. However, in accordance with C.Cr.P. Art. 101 he "may" conduct an investigation concerning medical aspects if there is a probability a criminal statute has been violated and "shall do so when ordered by court". The court may issue such an order ex parte or on application of the District Attorney.
Therefore, while the coroner must examine the victim, he does not have to examine the accused to draw blood, other body fluids, or body hair unless under court order. Of course, we recognize the coroner himself may have a designee rather than actually conducting the investigation himself.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ______________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR